64    APPELLATE COURT OF INDIANA,

Cleveland, etc., R. Co. *v.* City of Muncie—76 Ind. App. 64.

## Cleveland, Cincinnati, Chicago and St. Louis Railway Company *v.* City of Muncie.

[No. 10,684.    Filed June 8, 1921.]

1. Municipal Corporations.— *Street Improvements.— Assessments.—Right of Appeal.—Denial of Liability.*—Under §8716 Burns 1914, Acts 1909 p. 412, giving the right of appeal to the circuit court from assessments for street improvements, but providing that the right of appeal shall not extend to any assessment for property not liable to assessment, the circuit court had no jurisdiction over an appeal from an assessment against railroad property, where the only question presented and relied on was that the property did not abut upon the improved street and was not liable for assessment, although the petition on such appeal also alleged that the assessment was excessive. p. 67.

2. Appeal.—*Want of Jurisdiction in Trial Court.—Right of Appeal.*—Where the trial court was without jurisdiction to pass upon the question, no appeal from its decision will lie.    p. 69.

From Delaware Circuit Court; *William A. Thompson,* Judge.

Proceedings for the improvement of a public street in which the Cleveland, Cincinnati, Chicago and St. Louis Railway Company appealed to the Circuit Court from an assessment made by the city of Muncie.    From an adverse judgment, the railway company appeals. *Appeal Dismissed.*

*Frank L. Littleton* and *Orr & Clark,* for appellant.

*John McPhee, J. Frank Mann* and *Frank Feely,* for appellee.

McMahan, J.—This matter arose by an appeal by appellant from an assessment made against two described portions of ground held and used by it for depot purposes in the city of Muncie, which assessment was made on account of the improvement of that portion of High street immediately north of said grounds.

The record shows that appellant and its predecessors for many years have been the owners of a tract of land in said city, containing about three acres, and used by them as station grounds. High street extends from a point on the north line of said station grounds in a northeasterly direction to the north line of said city.

The east curb line of the improvement as established extends south and beyond the north line of appellant's station grounds ten feet. The west curb line stops two feet north of said line. A line drawn from the south end of the east curb line to the south end of the west curb line crosses appellant's north boundary line thirty-four feet west of the east curb line. There is therefore a section of improvement that occupies appellant's grounds, such encroachment being in the form of a triangle ten feet wide at the east end and tapering to a point at a distance of thirty-four feet west of the east curb line. The first description shown on the assessment roll against appellant is for its station grounds ten feet wide north and south along the east side of the improvement, and extending east a distance of 150 feet. The second description is for a part of said station grounds, lying immediately south of the south end of the said street and being thirty-four feet wide east and west and extending south 150 feet.

Appellant appealed from the assessment against both of said described tracts to the Delaware Circuit Court. Said appeal being taken under the provisions of §8716 Burns 1914, Acts 1909 p. 412. That part of said section authorizing an appeal reads as follows:

"Provided, That any owner of a lot or parcel of land so assessed as aforesaid shall have a right to take an appeal to the circuit or superior court of the county in which said city or town is located, by filing his verified petition with such court of said county and giving bond

conditioned to pay the cost of such appeal, should the appeal be determined against him. No transcript shall be necessary and it shall be sufficient to state in the petition the nature of the proceedings and special reference to the description of said property and the amount of assessment made against it. Said cause shall be summarily tried by the court without the intervention of a jury as other civil cases. In case the assessment shall be reduced ten per cent. (10%) or more, the party appealing shall recover his cost against such city or town for which cost judgment shall be rendered against such city. Whenever any assessment is reduced on such appeal the court shall render judgment in favor of said lien holder and against said city for the amount of said reduction, with interest thereon. Said petition shall be filed within ten (10) days after the final order of the board or council approving such assessment; upon the filing of such petition the clerk of such court shall give such city five (5) days' notice of the filing thereof and that the same will be heard by such court at the end of said time. The judge of said court shall have power to hear said petition in vacation: Provided, That the right of appeal shall not extend to any assessment made for street or alley intersections, or for property belonging to such city or for property not liable to assessment."

Appellant in its petition filed below after setting out the proceedings in reference to said street improvement and the assessment of the two parts of its depot grounds, alleged that: "Said real estate so assessed for improvement of said High street does not abut upon said improvement and it is not liable for assessment therefor; that said property is used wholly for the purposes set out and will not be benefited to the amount so assessed against it for said improvement, or at all, and that the amount so assessed against same for said

improvement is excessive and exorbitant.  Wherefore, your petitioner prays that the amount so assessed against said real estate be reduced that your petitioner be relieved and released from the payment of said assessment or any part thereof; that the same be stricken from said assessment roll and its said property be relieved from the lien thereof."

From a judgment refusing appellant any relief it appeals.  The question as to whether an appeal lies from the action of the circuit court to this court having been raised, the court on its own motion called for an oral argument upon the question.  Both divisions of this court heard the argument, and additional briefs have since been filed by appellant and appellee upon that question.

Appellant contends that it was granted the right of appeal, except "for property not liable to assessment," to the circuit court under the provisions of §8716, *supra,* and if the appeal to the circuit court was proper, then under §671 Burns 1914, §632 R. S. 1881, it is entitled to appeal from the judgment in the circuit court to this court.  In this connection appellant says: "If, however, the appellate court should determine that none of appellant's property was liable for assessment, then under the decision in *Buckingham* v. *Kerr* (1918), 68 Ind. App. 290, 120 N. E. 422, such facts deprive the court of jurisdiction and appellant is relegated to its rights to enjoin the enforcement of such illegal assessment."

Appellant's petition filed in the circuit court appears to be grounded upon the theory that its property therein described was not liable to assessment.  The specific allegation being, "Said real estate so assessed for improvement of said High Street does not abut upon said improvement and is not liable to assessment therefor," although this is followed by the allegation that "said

68    APPELLATE COURT OF INDIANA,

Cleveland, etc., R. Co. *v.* City of Muncie—76 Ind. App. 64.

property is used wholly for station purposes and will not be benefited to the amount so assessed against it for said improvement." Appellant tried the cause in the circuit court upon the theory that neither tract of land assessed was subject to any assessment because it did not abut upon the improvement.

The contention of appellant in its brief filed herein before oral argument was not that either of the tracts had been assessed too much, but that they were not subject to any assessment, because neither tract abutted on the improvement. All of appellant's "Points and Authorities" related to that one question, so that the only question which appellant attempted to present for our determination was whether the property assessed was subject to assessment.

Section 8716, *supra*, provides that the decision of the board of public works or city council as to all "benefits shall be final and conclusive" with the provision that the owner of the land which is liable to assessment may appeal to the circuit or superior court. The purpose of such appeal is to determine to correctness of the amount of the assessment and not for the purpose of determining whether the land is liable to an assessment. If the land is not liable to an assessment no appeal can be taken to the circuit or superior court.

As was said by this court in *Buckingham* v. *Kerr, supra*, "On appeal to the circuit court the only question that may be reviewed is the amount of the assessment. To avail himself of the benefit of an appeal to the circuit court a landowner must admit, at least for the purpose of the appeal, that his land is liable to be assessed for some amount. As to lands not liable to be assessed, the right of appeal is expressly denied. §8716, *supra*. In the case at bar the only remedy is by injunction."

Since the right of appeal does not lie to the circuit court for the purpose of determining the liability of

lands to be assessed, the trial court was without jurisdiction to pass upon the question presented and no appeal from the decision of the trial court on that appeal will lie in this court.

The appeal is therefore dismissed.